IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENDA DAVIS,

    Plaintiff,

vs.                                                    Civ. No. 00-1464 JP/LFG (ACE)

GALLUP McKINLEY COUNTY
SCHOOL DISTRICT, New Mexico Public
School District; ROBERT GOMEZ, individually
and in his capacity as Superintendent of the
Gallup McKinley County Schools; and THERESA
MARIANO, individually and in her capacity as
Assistant Principal of Gallup High School,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On December 14, 2000, the Plaintiff filed an Opposition to Federal Removal and Motion to Remand Case to State Court (Doc. No. 9). Having reviewed the briefs and the relevant law, I find that the motion to remand should be denied.

A. Background

The Defendants removed this action based on federal question jurisdiction under 28 U.S.C. §1441. The Plaintiff admits that although her Complaint contains several state law claims, it also contains a federal civil rights claim against the two individual Defendants. The Plaintiff argues without legal support and in a conclusory manner that since her Complaint is predominately based on state law claims, the Court should exercise its discretion and remand the

entire case to state court.[1]

B.  Discussion

Federal removal jurisdiction is statutory in nature and must be strictly construed. *See Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108 (1941). Doubts are to be resolved in favor of remand. *See Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). The parties invoking federal jurisdiction have the burden of establishing its propriety. *See State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998).

28 U. S.C. § 1441(c) currently provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Congress amended §1441(c) in 1990.[2] Judge Black noted in *Lujan v. Earthgrains Baking Companies, Inc.*, 42 F.Supp.2d 1219 (D.N.M. 1999) that more recent authorities "have rejected the notion that 28 U.S.C. §1441(c) now authorizes remand of the federal question even when the state claims predominate." *Id*. at 1221 ns. 8, 9 (citing *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 785-87 (3d Cir. 1995); *Buchner v. FDIC*, 981 F.2d 816, 819-20 (5th Cir. 1993); *Hickerson v. City of New York*, 932 F.Supp. 550 (S.D. N.Y. 1996); *Salei v. Boardwalk Regency*

---

[1] The Plaintiff argues at one point in her motion that the Defendants' attorney is violating NMRA, 16-107 by representing the individual Defendants as well as the Defendant School District. This argument has no relevancy to the motion to remand and is also not legally supported. I find that this Rule 16-107 argument has no merit.

[2] Prior to 1990, §1441(c) "gave the district court power to remand only those matters not within its original jurisdiction." *Lujan v. Earthgrains Baking Companies, Inc.*, 42 F.Supp.2d 1219, 1221 (D.N.M. 1999).

*Corp.*, 913 F Supp. 993 (E.D. Mich. 1996); *Kabealo v. Davis*, 829 F.Supp. 923, 926 (S.D. Ohio 1993), *aff'd*, 72 F.3d 129 (6th Cir. 1995); *Torres v. Ortega*, 1993 U.S. Dist. Lexis 2644 ( N.D. Ill. 1992)). Other courts have acknowledged the trend and endorsed this approach. *See City of New Rochelle v. Town of Mamaroneck*, 111 F.Supp.2d 353, 372-73 (S.D. N.Y. 2000); *Doll v. U. S. West Communications, Inc.*, 85 F.Supp.2d 1038, 1042-43 (D. Colo. 2000); *Mincy v. Staff Leasing, L. P.*, 100 F.Supp.2d 1050, 1055-58 (D. Ariz. 2000); *Surprise v.GTE Service Corp.*, 47 F.Supp.2d 240, 242-44 (D. Conn. 1999). Accordingly, I find that *Lujan* and the other courts supporting Judge Black's conclusion are persuasive.  I, therefore, conclude that §1441(c) does not require that this case be remanded.

Moreover, even without following the *Lujan* holding, I find that §1441(c) does not apply to this case, because Plaintiff's state law claims are not separate and independent from her federal civil rights claim. The state law claims, although grounded on different theories of liability, arise out of an "interlocking series of transactions" and therefore, "derive from substantially the same facts." *See Doll*, 85 F.Supp.2d at 1042 (quoting *Eastus v. Blue Bell Creameries*, 97 F.3d 100, 104-05 (5th Cir. 1996)). Additionally, I cannot find that the Plaintiff's state claims are so predominate as to justify a remand. Consequently, remand would not be appropriate under any reading of §1441(c).

IT IS ORDERED that the Plaintiff's Opposition to Federal Removal and Motion to Remand Case to State Court (Doc. No. 9) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE